CASEY & BARNETT, LLC
Martin F Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
DALMINE SPA

    Plaintiff,

  -against-

SCAN-TRANS CHARTERING K/S,

    Defendant.
-----------------------------------------------------X

JUDGE JONES

07 CIV 3861

**PLAINTIFF'S**
**VERIFIED COMPLAINT**

  Plaintiff, DALMINE SPA. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, SCAN-TRANS CHARTERING K/S., (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

  2. At all times material to this action, Plaintiff, was, and still is, a foreign corporation duly organized and operating under the laws of Italy, with an office and place of business located at Piazza Caduti 6, Luglio 1944, Dal Mine, Italy, and is a cargo importer.

  3. Upon information and belief, Defendant, was and still is a foreign business entity, organized and existing pursuant to the laws of Denmark with an office and place of business located at 6 Vestre Kaj, DK-4700 Naestved, Denmark, and is charterer and common carrier.

4. Dalmine was the consignee, insured and owner of a consignment consisting of 27 Bundles – 509 Pieces Steel Pipes that were carried on board the M/V Al Minufiyah from Zarate, Argentina to Marina di Carrara, Italy pursuant to the terms and conditions of a Gencon form charter party dated Buenos Aires, Argentina, May 16, 2005 entered into by and between Siderca SAIC, as charterer, and Scan-Trans Chartering K/S, as Owner.

5. The consignment of Steel Pipes were delivered to defendant and the vessel in Argentina on or about July 4, 2005 in good order and condition and discharged in Italy on or about August 6, 2005.

6. The defendant failed to deliver the cargo to plaintiff in Italy in the same good order and condition as when received by defendant at the port of loading.

7. The damage to the aforementioned cargo of Steel Pipes did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant.

8. By reason of the foregoing, plaintiff has sustained damages in the total amount of $65,000, no part of which has been paid, although duly demanded.

9. On November 21, 2006 Plaintiff commenced an arbitration proceeding in New York against defendant pursuant to the terms and conditions of the aforementioned charter party.

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan*

*Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $65,000 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. An Order recognizing and enforcing any final judgment rendered by the New York arbitration Panel in Plaintiff's favor for the monies owed and the claims herein;

  D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  E. That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   May 17, 2007
   222-36

            **CASEY & BARNETT, LLC**
            Attorneys for Plaintiff Dalmine SPA

      By: _/s/ Martin F Casey_
         Martin F Casey (MFC-1415)
         317 Madison Avenue, 21st Floor
         New York, New York 10017
         Tel: 212-286-0225
         Fax: 212-286-0261
         mfc@caseybarnett.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

1. My name is Martin F Casey.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       May 17, 2007

_____
Martin F Casey