CASEY & BARNETT, LLC
Martin F Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------X
DALMINE SPA

               Plaintiff,

      -against-

SCAN-TRANS CHARTERING K/S,

              Defendant.
------------------------------------------------X

07 cv 3861 (BSJ)(AJP)

**PLAINTIFF'S**
**AMENDED COMPLAINT**

      Plaintiff, DALMINE SPA. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, SCAN-TRANS CHARTERING K/S., (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

      2.     At all times material to this action, Plaintiff, was, and still is, a foreign corporation duly organized and operating under the laws of Italy, with an office and place of business located at Piazza Caduti 6, Luglio 1944, Dal Mine, Italy, and is a cargo importer.

      3.     Upon information and belief, Defendant, was and still is a foreign business entity, organized and existing pursuant to the laws of Denmark with an office and place of business located at 6 Vestre Kaj, DK-4700 Naestved, Denmark, and is charterer and common carrier.

4. Dalmine was the consignee, insured and owner of a consignment consisting of 27 Bundles – 509 Pieces Steel Pipes that were carried on board the M/V Al Minufiyah from Zarate, Argentina to Marina di Carrara, Italy pursuant to the terms and conditions of a Gencon form charter party dated Buenos Aires, Argentina, May 16, 2005 entered into by and between Siderca SAIC, as charterer, and Scan-Trans Chartering K/S, as Owner.

5. The consignment of Steel Pipes were delivered to defendant and the vessel in Argentina on or about July 4, 2005 in good order and condition and discharged in Italy on or about August 6, 2005.

6. The defendant failed to deliver the cargo to plaintiff in Italy in the same good order and condition as when received by defendant at the port of loading.

7. The damage to the aforementioned cargo of Steel Pipes did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant.

8. By reason of the foregoing, plaintiff has sustained damages in the total amount of $65,000, no part of which has been paid, although duly demanded.

9. On November 21, 2006 Plaintiff commenced an arbitration proceeding in New York against defendant pursuant to the terms and conditions of the aforementioned charter party. Clause 44 of the Rider to the Charter Party provides:

> Should any dispute arise between owners and charterers, the matter in dispute shall be referred to three arbitrators in New York, one to be appointed by each of the parties hereto and the third by the two so chosen. Their decision or that of any two of them shall be final and for the purpose of enforcing any award, this agreement may be made a rule of the court, English law to apply.

10. Defendant has failed and otherwise refused to appoint an arbitrator and appear in the arbitration proceeding.

11. Plaintiff seeks an Order from the Court compelling defendant to appear in said arbitration by a date certain, failing which the Court may entertain jurisdiction of this dispute for the purpose of entering a default judgment against defendant.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

2. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

3. That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 2, 2007
222-36

                                                     **CASEY & BARNETT, LLC**
                                                     Attorneys for Plaintiff Dalmine SPA

                                       By: _____
                                                       Martin F Casey (MFC-1415)
                                                       317 Madison Avenue, 21st Floor
                                                       New York, New York 10017
                                                       Tel: 212-286-0225
                                                       Fax: 212-286-0261
                                                       mfc@caseybarnett.com

TO: Kevin J. Lennon, Esq.
       Lennon Murphy & Lennon, LLC
       Tide Mill Landing, 2425 Post Road
       Southport, CT 06890